**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division.

2014 NOV 25  P 2: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Traffic Names, Ltd. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14cv1607 LMB/TCB |
| ) | |
| Zhenghui Yiming ) | |
| ) | |
| Defendant ) | |

In Re: 224.com; 605.com, and 452.com

## Complaint

Comes Now Plaintiff Traffic Names, Ltd. (hereinafter Traffic Names), by and through its counsel, and files this complaint against Zhenghui Yiming.

### I. The Parties

1. Plaintiff, Traffic Names, Ltd. is a United Kingdom, Limited Company (hereinafter "Traffic Names" or "Plaintiff") with a principal place of business in Reading, UK. Ian Andrew is the Chief Executive Office and majority shareholder of Plaintiff.

2. Upon information and belief Zhenghui Yiming (hereinafter "Defendant") is a resident of China, as set forth on the WHOIS registry and resides at an unlisted address in Beijing, China, with an email address of zhizhu201314@yeah.net and a telephone number of +86.01033214450.

3. The subject Domain Names, the res of this *in rem* action, are: <224.com>; <605.com>, and <452.com> (listed on Exhibit A), all of which are .COM domains (the "Domain Names") for which the registry is Verisign, Inc., 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166 which is located in this judicial district.

1

## II. Jurisdiction and Venue over the Subject Matter of this Action

4. This Court has *in rem* jurisdiction over the Domain Names pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) insofar as the registry for the domain .COM names, Verisign, Inc., is located within this judicial district.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d) as the subject registry Verisign, Inc. has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subjects of the action resides in this district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

## III. Notice

8. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive is being sent to the Defendant at the postal and email address to which there has previously been a response as well as the current WHOIS address on the Domain Names is Beijing, China, with an email address of zhizhu201314@yeah.net and a telephone number of +86.01033214450.

9. Plaintiff is providing such notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. §1125(d2){A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## IV. Factual Background

10. Traffic Names, purchased <224.com> on April 14, 2007, <605.com> on March 24, 2008, <452.com> on August 10, 2010 and has owned all of them ever since.

11. Traffic Names is in the business of domain monetization and as such collects domain names for the purpose of turning internet traffic into monetary gain through the use of click through traffic.

12. The subject domain names are extremely valuable and their loss has deprived the Plaintiff of the income regularly generated by the domain names. The subject domains are each worth $50,000-100,000.

13. The Defendant has taken control of each of the subject domain names and redirected the income produced by the subject domain names to himself.

14. Traffic Names has used the subject domain names in commerce for many years and has common law rights in the subject marks.

15. The Defendant's actions are in violation of those rights.

16. The WHOIS records for the Domains show that Traffic Names was the owner of the Domain Names prior to its theft and that ownership was renewed for <224.com> through April 2, 2022, for <605.com> through March 22, 2022 and for <452.com> through May 7, 2020.  (See a true and correct copy of the records attached herein as Exhibit C.)

17. Upon information and belief, the theft of the password to the eNom accounts occurred sometime on or before July 2014.

18. On August 1, 2014, Plaintiff attempted to sell <605.com> to a third-party and the broker of record, 4.cn, while performing routine due diligence and discovered that the ownership records for the Domain Names had changed. The 4.cn representative immediately advised Plaintiff that the Domain Names may be at risk.

19. <605.com> and <224.com> are still for sale on Ename's sales platform (See a true and correct copy of the Ename sales platform in both English and Chinese attached herein as Exhibit B)

20. On August 1, 2014 Plaintiff attempted to access his eNom account for the Domains without success and thus contacted eNom support.

21. Traffic Names contacted the eNom account manager for Plaintiff's domain portfolio and eNom confirmed the Domain Names had been transferred.

22. On August 4, 2014, eNom confirmed that on FOA Form of Authorization was placed by an individual operating with the email address bestbethms@gmail.com, now using the email address of zhizhu201314@yeah.net. Upon information and believe, Defendant initiated the fraudulent email request for transfer of the Domain Names and completed the transfer of the Domain Names on or around July 31, 2014.

23. Once the Domain Names were transferred to ename.com, Defendant changed the WhoIs information to a private email address of ccq6yo6wco@enamewhois.com.

24. Plaintiff immediately contacted Enom, ename.com, and 4.cn, a Chinese Domain Name Broker to attempt to gain a return of his assets (Copies of email correspondence with Enom is attached as Exhibit D; Copies of email correspondence with ename.com is attached as Exhibit E.)

25. Between August and October Plaintiff attempted to obtain a return of the Domain Names by written and telephonic means without success;

26. In October, 2014, Plaintiff retained the law office of ESQwire.com, P.C. and Ari Goldberger and Jason Schaeffer of ESQwire.com contacted ename.com and 4.cn on behalf of Plaintiff; and the Law Offices of Greenberg & Lieberman was brought in on November 6, 2014.

27. Counsel immediately began to prepare the resulting Complaint and motion for a Preliminary Injunction and obtaining all necessary facts.

28. Defendant, has changed the DNS and is redirecting all users of the domains to websites under Defendant's control.

**V. Causes of Action**

Count I
Claim for Declaratory Judgment

29. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

30. Plaintiff had a contract with eNom for many years and has maintained control over the Domain Names.

31. Defendant's actions have taken control of the subject domains from Plaintiff.

32. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

33. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

34. Plaintiff has owned the Domains many years and has used them to promote his businesses for many years and has common law rights in the marks.

35. Plaintiff, because of the Defendant's actions is being prevented from using and exercising control over the subject Domain Names.

36. Plaintiff is being harmed through the loss of prospective traffic to his business.

## Count III
### Tortuous Interference with Contractual Relationship

37. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

38. Plaintiff properly entered into a contract with eNom, the registrar for the Domain Names before the Domain Names were stolen.

39. Defendant has unlawfully taken control of the subject Domain Names, interfering with Plaintiff's lawful contract rights to the Domain Names.

40. As a result of Defendant's acts Plaintiff has been damaged and will continue to be damaged. Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contract.

## Count IV
### Conversion

41. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

42. Plaintiff has property rights in the subject Domain Names.

43. The Defendant has taken control of the subject Domain Names and is wrongfully exercising control and authority over the subject Domain Names.

44. The control and authority exercised by the Defendant deprives Traffic Names of control and the income and business generated from the Domain Names.

45. The Defendant is wrongfully exerting dominion over Traffic Name's property in denial of his rights.

WHEREFORE, The Plaintiff demands judgment against the Defendant, as follows:

I. Declaring that Traffic Names, Ltd. is the only entity with any rights to the contract controlling the subject Domain Names as set forth on Exhibit A.

II. Declaring Defendant does not have any rights to the subject Domain Names.

III. Declare that the domain names < 224.com>; <605.com>, and <452.com> shall be transferred to Plaintiff

IV. ORDERING Verisign to promptly return control of the Domain Names to Traffic Names and at the eNom registrar.

IV. Granting such other and further relief to Plaintiff, Traffic Names, Ltd. as this Court deems just and proper.

Dated: November 25, 2014

Respectfully Submitted,

Traffic Names, Ltd.
By Counsel

Jonathan Westreich, Esq.
VSB No. 39393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

| | |
|---|---|
| Stevan Lieberman, Esq. | Jason Schaeffer, Esq. |
| Greenberg & Lieberman, LLC | ESQwire.com, P.C. |
| 2141 Wisconsin Ave., NW Suite C2 | 1908 Route 70 East |
| Washington, D.C. 20007 | Cherry Hill, NJ 08003 |
| (202) 625-7000, Fax: 202-625-70001 | 856-874-9651/ Fax: 856-874-9182 |
| Stevan@aplegal.com | jason@ESQwire.com |

Counsel to Traffic Names, Ltd